Angela T. Quigless, J., dissenting.
I agree with the principles enunciated by the majority opinion but not its application to the record before this Court. Therefore, I respectfully dissent and would find the trial court did not abuse its discretion.
The question before the Court was whether an actual conflict of interest existed because both Randy L. McEntire ("Defendant") and the confidential informant Eddie Gilliland ("Gilliland") were simultaneously represented at one point by the same public defender's office. Given our standard of review, we are constrained by the facts of the case before the trial court. I would find the record does not demonstrate facts which support the finding of a conflict of interest or an appearance of impropriety.
Prior to trial, Kevin Chase ("Mr. Chase"), Defendant's public defender, informed the trial court he learned the evening before that Wayne Williams ("Mr. Williams"), his supervisor, recently represented Gilliland in an unrelated case in Madison County Circuit Court that was being dismissed. Mr. Chase indicated he did not speak to Mr. Williams about Gilliland's Madison County case. Mr. Chase also stated he did not have any privileged communication with Gilliland that would limit his representation of Defendant. Although Mr. Williams did not testify, Mr. Chase informed the trial court that Mr. Williams indicated he had minimal contact with Gilliland during the pendency of Gilliland's case. Mr. Williams spoke to Gilliland on two court dates. Specifically, Mr. Williams spoke with Gilliland about his bond and then that his unrelated case in Madison County was being dismissed. Mr. Williams also indicated Gilliland may have mentioned he was a confidential informant, but Mr. Williams had no confidential information regarding Defendant's case. Likewise, Gilliland confirmed his communications with Mr. Williams were limited to a discussion about Gilliland's bond, and the fact that his unrelated case in Madison County had been dismissed. Gilliland admitted he told Mr. Williams he was a confidential informant and was testifying in an upcoming trial. However, Gilliland did not specify what the trial was about, and Mr. Williams said he did not want to hear anything about the case.
Mr. Chase informed the trial court that the last docket entry in Gilliland's case *489 indicated the Madison County Prosecuting Attorney's Office intended to file a nolle prosequi. Mr. Chase stated he did not believe an actual conflict of interest existed because he did not have contact with either Mr. Williams or Gilliland about Gilliland's unrelated case, however, he would "err on the side of caution" and move to withdraw as counsel. In response, the State informed the court it "didn't know about the Madison County case," and "disclosed everything [it] knew to Mr. Chase."
Undeniably, Defendant's Sixth Amendment right to effective and conflict-free counsel would have been violated had Mr. Chase represented both Defendant and Gilliland. See State ex rel. Kinder v. McShane, 87 S.W.3d 256, 262 (Mo. banc 2002) ; Ciarelli v. State, 441 S.W.2d 695, 697 (Mo. 1969). However, those were not the facts before the trial court. Rather, Mr. Williams represented Gilliland in Madison County during a portion of the time Mr. Chase represented Defendant in St. Francois County. Mr. Williams did not participate in Defendant's case nor did Mr. Williams and Mr. Chase share any confidential communication regarding either Defendant's or Gilliland's unrelated cases. Mr. Williams never represented Defendant and had no knowledge of the details of Mr. Chase's representation of Defendant. Likewise, Mr. Chase never represented Gilliland and had no privileged communication with either Mr. Williams or Gilliland regarding Gilliland's unrelated case in Madison County. "Absent some showing of a conflict of interest the fact that one attorney from a large public defense organization represents a defendant in a criminal trial, after another staff attorney from the same organization represented a prosecution witness in a concluded and unrelated criminal matter, does not create a per se conflict of interest at defendant's trial." State v. Johnson, 549 S.W.2d 348, 350-51 (Mo. App. 1977).
Moreover, as the majority noted, the Missouri Rules of Professional Conduct do not per se prohibit Mr. Williams's and Mr. Chase's simultaneous representation of Gilliland and Defendant. See Rule 4-1.11. Although I agree that the trial court has an obligation to enforce ethical rules and uphold society's perception of the criminal justice system, see State v. Lemasters, 456 S.W.3d 416, 421 (Mo. banc 2015), here, as set forth supra, the evidence established facts that precluded an appearance of impropriety that otherwise might have cast doubt on the fairness of Defendant's trial. See id. at 424. Notably, there was no assertion by Mr. Chase that either clients' interests were directly adverse to the other in the same litigation or other proceeding. There also was no evidence that something was done by counsel or foregone by counsel and lost to Defendant, which was detrimental to the interests of Defendant and advantageous to Gilliland. See Johnson, 549 S.W.2d at 350. Simply, there was no evidence of any collaboration between Mr. Chase and Mr. Williams during the period of simultaneous representation that compromised the fairness of Defendant's trial or his right to conflict-free counsel.
In the absence of a real, rather than perceived, conflict of interest, the trial court does not abuse its discretion in denying a motion to withdraw. State v. Christeson, 50 S.W.3d 251, 261 (Mo. banc 2001) ("[T]he determination of whether defense counsel should be allowed to withdraw is within the sound discretion of the trial court[.]"). The only proof of conflict was the happenstance that Mr. Williams represented Gilliland on an unrelated case that was being dismissed while Defendant's case was pending in a different county. I believe this alone, without more would be insufficient to find that the trial court abused its discretion or that a reasonable *490 person would find an appearance of impropriety.
I would affirm the judgment of the trial court.